GEORGE E. VALKER, Respondent, v. NATIONAL TEA COMPANY, a corporation, and T. D. THORSON, Appellants.

(188 N. W. 306.)

Compromise and settlement — evidence held to prove defendant liable for rent; evidence held not to show full settlement of landlord's claim.

1. Plaintiff brought this action to recover $1,600 claimed as rental, of a certain building for a term of four months. The facts were tried to a jury; it rendered a verdict in plaintiff's favor for the full amount. There is substantial evidence to sustain the verdict and the judgment.

Trial — reopening of case after plaintiff had rested, to permit plaintiff to introduce further testimony, held not error.

2. For reasons stated in the opinion, the court did not err in permitting the reopening of the case after plaintiff had rested, at plaintiff's request, for the reception of further testimony. ·

Landlord and tenant — whether corporation was party to lease claimed to have been made by its manager and president held for jury.

3. Who were the actual parties to the lease, was a question of fact for the jury.

Prejudicial error not shown by record.

4. There is no prejudicial reversible error of law in the record.

Frauds, statute of — four-year oral lease not binding.

5. A four-year lease, not reduced to writing, will not be binding under Comp. Laws 1913, § 5888, subd. 5.

Opinion filed April 28, 1922.

An appeal from a judgment and order denying a new trial, *Burr*, J.

Judgment and order affirmed.

*J. T. Burke* and *Leighton* and *Brace,* for appellant.

"Jurors are very vigilant in scrutinizing all that is said by the trial judges in the progress of a cause before them, and great care should be observed that nothing is said which can, by any possibility, be construed to the prejudice of either party. Courts cannot be too circumspect in this regard." Cronkhite v. Deckerson, 51 Mich. 177, 16 N. W. 371; McDuff v. Detroit Eve. Jour. Co., 84 Mich. 1, 47 N. W. 671; People v. Hare, 57 Mich 505, 24 N. W. 843; McMinn v. Wheelan, 27 Cal. 300, 319; Thompson on Trials, § 218; Abbott, Civil Jury Trials, p. 474.

*Bosard* and *Twiford,* for respondent.

Where a contract made in the name of a corporation, by its president, is one that the corporation has power to authorize its president to make, or to ratify, after it has been made, the burden is upon the corporation to show that it was not authorized or ratified. Patterson v. Robinson, 116 N. Y. 193; Chemical National Bank v. Kohner, 85 N. Y. 189; Union Mutual Ins. Co. v. White, 106 Ill. 67; Meating v. Tigerton, etc., Co. 113 Wis. 379; White v. Elgin, 108 Iowa, 522. ·

Where a corporation accepts the benefit of a lease made by its pres-

ident, it is bound thereby.    Alexander v. Cluberson, etc. Co. 85 N. W. 283, (Wis.)

It is true that the defendant made a motion for a dismissal of the action, as to the National Tea Company, at the end of the plaintiff's case; but the defendant did not renew such motion at the end of his case, and therefore waived the same.    Pease v. McGill, 17 N. D. 166; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310; McBride v. Wallace, 17 N. D. 495.

GRACE, C. J.    Plaintiff brought this action to recover $1,600, claiming this amount to be agreed rental for four months of a certain building in the city of Minot.    It is admitted that the National Tea Company is a corporation.    The defendants deny any indebtedness to the plaintiff. The defendants pleaded a mutual settlement between plaintiff and then of all transactions.    The action was tried to a jury, plaintiff recovering judgment for the full amount claimed in his complaint.

The material facts are substantially as follows: Plaintiff owned lot 8 in block 3 of the original townsite of Minot.    He had a conversation with Taylor the manager of the tea company, in the presence of one Thorson, its president, with reference to leasing the property.    The rental was fixed at $400 per month.    The building was occupied during the month of August and subsequent months, up to and including December, and the rent paid therefor.    It is claimed by the defendants that a certain concern designated as the National Meat Market transacted business in the building during the months just mentioned.    There is, however, no controversy concerning the rental for those months.    There is some evidence that the lease between the plaintiff and Thorson, the president, and Taylor, the manager, of the tea company, was to be for a term of four years.    It is the claim of defendants that the only occupancy shown under the alleged four-year lease was that of the National Meat Market.

The property was a two-story building.    There is evidence that the upper story was subrented by Taylor until May 1st, when the whole building was turned over to a new tenant procured by Taylor.    It is the claim of the plaintiff that the building during all the time commencing with August and from then until the 1st of May was rented to the National Tea Company; that Taylor paid the rent until January 1st, part of which was paid by the checks of the National Tea Company. It is claimed by the defendants that if there were any rental contract en-

tered into, it was a verbal one for the term of four years, and it is further their claim that the occupancy of the building for which rent is sought to be recovered, for the four months, was not by the tea company, but by the National Meat Market.

There is evidence that the rent which was paid was in part paid by the checks of the National Tea Company. It also appears that the defendants pleaded a settlement between plaintiff and themselves. In the evidence they endeavored to show that the plaintiff agreed to accept $800 in settlement of the $1,600 rental claim. The plaintiff does not deny that there were such negotiations; the evidence, however, on his behalf shows that the $800 were to be paid by a certain Saturday night, which was not done, while the testimony on behalf of defendants in this respect is to the effect that the sum was to be paid soon. There is no evidence of the payment or a tender of the $800 at any time. The evidence that the rent in part was paid by checks of the tea company, is at least some substantial evidence that the negotiations concerning the rental contract were between the plaintiff on the one side and Taylor and Thorson on behalf of the tea company on the other.

The questions of who were the actual parties to the lease, if any and whether there was a settlement with reference to the amount of rental which would be accepted by the plaintiff in full settlement of his claim, were questions of fact for the jury. They found in plaintiff's favor, and by their verdict determined the rental contract, whatever may have been its nature or terms, was in reality between the plaintiff and the National Tea Company, and further that no attempted settlement of the rentals claimed by the plaintiff had ever reached any fruition. The verdict of the jury is supported by substantial evidence.

Considerable stress has been placed upon the verbal negotiations for a four-year lease. In other words, that the terms of the lease for a term of four years were agreed upon, but were never reduced to writing. Of course, a lease for that term would have no binding force unless it were reduced to writing. Subdivision 5 of § 5888, C. L. This question, however, we think, in this case is of little consequence, since the plaintiff is seeking only to recover rent for four months. He claims the defendants leased the premises for that period of time. It is not alleged that the lease was for any definite length of time. However, the relation of landlord and tenant arose, and we think the nature of the defendants' possession was, under the evidence, that of a tenant at will. The defendant tea company, did enter into possession of the premises and oc-

cupied the same, subletting the upper story, and had full control and use of the entire premises.   In these circumstances, certainly it at least would be a tenant at will; it could not expect to use the property without paying rental for it during the time it used it.   It did pay until January 1st, at the rate of $400 per month.   It did not turn back possession until about the 1st of May.   In other words, it kept possession and control and used, or had opportunity to use, the premises, during the four  months, for which rent is claimed, and, as the jury found, is liable therefor.

We may now briefly notice such assignments of error as we think merit discussion.   It is claimed by appellants that the court erred in making certain remarks to the attorneys, which were made in the presence of the jury.  The plaintiff, after the introduction of his evidence announced to the court that "plaintiff rests."   A motion was then made by defendant Thorson to dismiss as against him on the grounds and for the reason that plaintiff had failed to establish a cause of action as against him.   The court inquired of the attorney for plaintiff if he opposed the motion.   He replied, in substance, that if there was any question as to that, he would like to reopen the case for the purpose of submitting further evidence.   This the court allowed.   Testimony was then given by the plaintiff of conversations he had with Taylor and Thorson with reference to the leasing of the building.   He stated, in substance, that he talked with them about the price; that they wanted it for less, but agreed to take it for $400.   After plaintiff had given other testimony unnecessary here to mention, the court remarked:

"There is nothing here that I can see to show that the National Tea Company ever rented the building or whether either of the parties with whom these conversations were had are officers of the National   Tea Company."

The attorney for plaintiff then resumed examination of the plaintiff, who testified that Taylor was the manager of the tea company.   Taylor testified that he was its manager and Thorson its president.   This was testimony of facts known to these witnesses.   Taylor further testified to the fact that he signed checks for the company, made payments, bought merchandise for it, and that, as manager, he conducted all the business of the company at Minot, but not in signing papers or entering into contracts.   At this point plaintiff again rested his case, whereupon the defendant Thorson renewed the motion of dismissal as to him and further made a motion that the action be dismissed as against the tea company, upon the grounds that the plaintiff had failed to establish by competent

proof the material allegations of the complaint, or that Taylor was any more than manager of the corporation, and that the proof showed that he was not an officer thereof. The motions were denied. Additional testimony was then given on behalf of the defendants.

There was no error in the denial of the motions. The court had charge of the conduct of the trial of the case. There can be little doubt that it was within its discretion to reopen the case for the purpose of taking further testimony. We are clear in so doing there was no reversible error or abuse of discretion. We have examined the errors based upon the objections of defendant with reference to the admission of certain evidence offered by plaintiff to prove that Thorson and Taylor were the agents of the tea company. Valker testified that Taylor was the manager of the tea company. Taylor testified that he was the manager and Thorson the president of the tea company. This was not hearsay, but was testimony of those having knowledge of the fact.

The defendants predicated error on the giving of a certain instruction, but in the brief abandoned this contention. They further contend that the court failed to give an instruction upon a material issue in the case. We think the instructions as a whole fairly cover the issues, and that there is no reversible error in them. We are further of the opinion that there is no fatal variance between the pleadings and the proof. We are of the opinion there is substantial evidence to sustain the verdict. There is no prejudicial reversible error in the record. The court did not err in denying the motion for a new trial.

The judgment and order appealed from are affirmed. Plaintiff is entitled to his costs and disbursements on appeal.

ROBINSON, BRONSON, CHRISTIANSON, and BIRDZELL, JJ., concur.